**BRIAN T. DUNN, ESQ., State Bar No. 176502**
**EDWARD M. LYMAN III ESQ., State Bar No. 248264**
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280
E-mail: bdunn@cochranfirm.com
E-mail: elyman@cochranfirm.com

*Attorneys for Plaintiff Charf Lloyd*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARF LLOYD, an individual, by and through his Guardian ad Litem and Conservator, The Los Angeles County Public Guardian,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO:_____<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. DEPRIVATIONS OF CIVIL RIGHTS, 42 U.S.C. §1983, BASED ON UNREASONABLE USE OF FORCE**<br><br>**2. BATTERY**<br><br>**3. NEGLIGENCE**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1. Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. §1983 and 28 U.S.C. §1331.

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391 (a)-(b).

## PARTIES

3. Plaintiff CHARF LLOYD (hereinafter referred to as "Plaintiff") is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California. Plaintiff CHARF LLOYD appears herein through his duly appointed Conservator and Guardian ad Litem, The Los Angeles County Public Guardian.

4. Defendant CITY OF LOS ANGELES (hereinafter "CITY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

5. Plaintiff is informed and believes, and thereon alleges, that heretofore unknown LOS ANGELES POLICE DEPARTMENT ("LAPD") POLICE OFFICER(S) (hereinafter "DOE OFFICER(S)") are, and at all relevant times mentioned herein were, residents of the County of Los Angeles and State of California. Further, at all times relevant to the acts and omissions herein alleged, DOE OFFICER(S) were sworn police officer(s) employed by the Defendant CITY and LAPD, and were acting under color of state law and in the course and scope of their employment with the CITY and the LAPD.

6. On or around November 25, 2020, a timely Claim for Damages was submitted to the City of Los Angeles, in substantial compliance with California Government Code §910, *et seq*. At the time of the filing of this Complaint, said Claim has been denied.

7. Plaintiff is unaware of the true names and capacities of those Defendants

named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to him. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, wilful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, wilful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

8.  Each of the individual Defendants sued herein is sued both in his or her individual and personal capacity, as well as in his or her official capacity.

9.  Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

10.  This Complaint concerns the unjustified deployment of a less-lethal projectile against Plaintiff by an unknown LAPD Officer, which occurred during the evening hours of Tuesday, June 2, 2020, in or around the intersection of Broadway and 5th Street in the City and County of Los Angeles, and State of California. On that evening, Plaintiff CHARF LLOYD ("Plaintiff"), was peacefully present in or around the intersection when unknown defendant police officers, including Defendant DOE OFFICER(S), while acting under color of state law and in the course and scope of their employment with the City of Los Angeles ("CITY") and the Los Angeles Police

Department ("LAPD") negligently assessed the circumstances presented to them, and confronted Plaintiff without having probable cause or reasonable suspicion to believe that Plaintiff had committed any crime, or would commit any crime in the future.

11. Without warning, Defendant DOE OFFICER(S) proceeded to assault and batter Plaintiff by acts which included, but were not limited to, unjustifiably deploying projectile rounds at the person of Plaintiff, which struck Plaintiff, in his head, inflicting severe and permanent injuries to Plaintiff's head and eye. Following the shooting, the involved officer(s) denied medical care to Plaintiff in a manner that demonstrated deliberate indifference to his constitutional rights. At no time during the course of these events did Plaintiff pose any reasonable or credible threat of violence to any police officer, nor did he do anything to justify the force used against him, and the same was excessive, unnecessary, and unlawful.

12. The subject incident occurred during, and in response to, Plaintiff's exercise of his rights under the state and federal constitutions to peacefully assemble in a public place. Both prior to and during the time in which he was shot, Plaintiff was not armed with any kind of weapon, and posed no reasonable or credible threat of violence to Defendant DOE OFFICER(S), nor to any other individual. Both prior to and during the time in which he was shot, Plaintiff made no aggressive movements, no gestures, and no physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which Defendant DOE OFFICER(S) shot Plaintiff were not faced with any circumstances which would have led a reasonable police officer to believe that Plaintiff posed the risk of injury to any person.

13. Both prior to and during the time in which Plaintiff was assaulted and battered by Defendant DOE OFFICER(S), Plaintiff was not armed with any kind of weapon, and posed no reasonable or credible threat of violence or injury to Defendant DOE OFFICER(S), nor to any other individual. Both prior to and during the time in

which Plaintiff assaulted and battered by Defendant DOE OFFICER(S), Plaintiff made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability, to inflict bodily harm or death against any individual. Both prior to and during the time in which Plaintiff was stopped, detained, and assaulted and battered by Defendant DOE OFFICER(S), Plaintiff was not actively resisting the involved officers nor obstructing the officers in the performance of their duties, was not fleeing or attempting to flee from the involved officers, and was not undertaking any actions which would have led a reasonable police officer to believe that he posed the risk of violence or injury to any person.

14.  Plaintiff further contends that Defendant DOE OFFICER(S) were negligently hired, trained, and retained by the CITY and LAPD, in that it was plainly obvious to the CITY and LAPD that Defendant DOE OFFICER(S) were dangerous and violent employees, prone to discharge less lethal projectile rounds without reasonable justification, and in a manner that demonstrates callous disregard for the rights and safety of third parties, and to assault, batter, and threaten persons exercising their constitutional rights which include, but are not limited to, the right of public assembly guaranteed under state and federal constitutional provisions.

15.  Both prior to and during the subject incident, Defendant DOE OFFICER(S) had a demonstrated propensity to unreasonably threaten citizens with the excessive and unreasonable use of, and threatened use of, police force, including force inflicted by less lethal projectile rounds, and/or use unnecessary, unreasonable, deadly, and/or unlawful physical force without reasonable justification, all of which was a further proximate cause of the injuries sustained by Plaintiff as a result of the subject officer-involved use of force.  Plaintiff further contends that the injuries he sustained as a result of the subject officer-involved shooting incident were the proximate result of unconstitutional, unlawful, and negligent policies and customs of the CITY and LAPD which include, but are not limited to, unjustifiably using

excessive force against persons exercising their constitutionally guaranteed rights of freedom of assembly, unjustifiably using deadly and non-deadly force against unarmed and non-dangerous citizens, inadequately training and supervising officers with respect to the reasonable and proper use of less lethal weapons systems, and inadequately training and supervising officers with respect to the reasonable and proper police procedures for protecting the safety of non-dangerous demonstrators and citizens during civil demonstrations, inadequately maintaining defective weapons systems prone to malfunction when deploying less lethal rounds, as well as adopting a policy of the deliberate and conscious approval, endorsement, and ratification of unconstitutional uses of less lethal and deadly force, authorized and ratified by policymakers and police supervisors within the CITY and LAPD.

## FOR THE FIRST CAUSE OF ACTION

**By Plaintiff Against Defendant Does 1-10, for Violations of Civil Rights**

**[42 U.S.C. § 1983 - Based on Unreasonable Use of Deadly Force]**

16. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

17. This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

18. Plaintiff had the right to be free from unreasonable governmental seizures of his person, a right which was secured to Plaintiff by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C.§ 1983, which, as described herein, was violated by the wrongful conduct of Defendant DOE OFFICER(S), which proximately caused severe injuries to Plaintiff, including, but not limited to, severe and permanent injuries to Plaintiff's head and eye.

19. Plaintiff is informed, believes, and thereupon alleges, that in unreasonably

seizing his person, as described in the foregoing paragraphs of this Complaint, Defendant DOE OFFICER(S) acted outside the scope of their jurisdiction and without authorization of law, and acted wilfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against Defendant DOE OFFICER(S) in an amount to be proven at the trial of this matter.

20. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE OFFICER(S), Plaintiff was shot and suffered severe and traumatic injuries which include, but are not limited to, a gunshot wound to his head and eye.

21. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE OFFICER(S), Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

22. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE OFFICER(S), Plaintiff was required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent and other medical services, treatment and care in an amount according to proof at trial.

23. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE SECOND CAUSE OF ACTION
**By Plaintiff Against All Defendants for Battery**
**[Cal. Gov't Code §§ 815.2(a), 820(a); Cal. Civ. Code § 43]**

24. Plaintiff restates and incorporates by reference the foregoing paragraphs of

this Complaint as if set forth in full at this point.

25. All claims asserted herein against the Defendant CITY are presented pursuant to the CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

26. Plaintiff is informed, believes, and thereupon alleges, that in assaulting and battering him, as described in the foregoing paragraphs of this Complaint, Defendant DOE OFFICER(S) acted outside the scope of their jurisdiction and without authorization of law, and acted wilfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive Plaintiff of his protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against Defendant DOE OFFICER(S) in an amount to be proven at the trial of this matter.

27. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE OFFICER(S), Plaintiff was shot, and suffered severe and traumatic injuries which include, but are not limited to, a gunshot wound to his head and eye.

28. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE OFFICER(S), Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

29. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE OFFICER(S), Plaintiff was required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent and other medical services, treatment and care in an amount according to proof at trial.

# FOR THE THIRD CAUSE OF ACTION

## By Plaintiff Against all Defendants for Negligence

### [Cal. Gov't Code §§ 815.2(a), 820(a)])

30. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

31. All claims asserted herein against the Defendant CITY are presented pursuant to the Defendant CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

32. Plaintiff is informed and believes, and thereupon alleges, that on and before the incident, Defendant DOE OFFICER(S) and the other heretofore unknown named LAPD officers had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of deadly force, and had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and police procedures in approaching and/or attempting to detain unarmed, non-dangerous civilians and suspects. Notwithstanding each of these duties, Defendant DOE OFFICER(S) failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently failing to determine the fact that Plaintiff posed no immediate threat of bodily injury or death to any person at the time that he was shot in the head and eye; negligently inflicting physical injury upon Plaintiff, as described herein; negligently employing deadly force against Plaintiff when the same was unnecessary and unlawful; negligently failing to utilize additional departmental resources during the detention of Plaintiff; negligently failing to utilize available forms of cover and concealment during the detention of Plaintiff; negligently failing to communicate and/or effectively communicate with departmental personnel on scene and other departmental personnel and resources during the detention of Plaintiff; negligently failing to utilize less than lethal force options and other alternatives less

intrusive than deadly force during the detention of Plaintiff; negligently employing a tactical response during the detention of Plaintiff that resulted in the unnecessary and preventable shooting of Plaintiff; and negligently employing unreasonable and potentially deadly force against an individual in contravention of the policies of the LAPD. All of these negligent acts proximately caused Plaintiff's injuries, which include, but are not limited to, severe and traumatic injuries to Plaintiff's head and eye.

33. As a direct and proximate result of the negligent acts and omissions of Defendant DOE OFFICER(S) and the other heretofore unknown named LAPD officers, and each of them, Plaintiff suffered severe and traumatic injuries which include, but are not limited to, a severe, debilitating, and disfiguring wound to his head and eye.

34. As a further direct and proximate result of the negligent acts and omissions of Defendant DOE OFFICER(S) and the other heretofore unknown named LAPD officers, and each of them, Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

35. As a further proximate result of the negligent acts and omissions of Defendant DOE OFFICER(S) and the other heretofore unknown named LAPD officers, and each of them, Plaintiff was required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent and other medical services, treatment and care in an amount according to proof at trial.

36. Plaintiff is informed and believes, and thereupon alleges, that as a further proximate result of the negligent acts and omissions of Defendant DOE OFFICER(S) and the other heretofore unknown named LAPD officers, and each of them, Plaintiff has lost earning capacity in an amount according to proof at trial, and will lose wages and earnings in the future in an amount according to proof at trial.

//

# PRAYER

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For general and special damages in an amount according to proof at trial;
2. For medical and related expenses according to proof at trial;
3. For costs of suit incurred herein;
4. For attorneys' fees incurred herein, as provided by law;
5. For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and
6. For such other and further relief as the Court deems just and proper.

# JURY DEMAND

Plaintiff hereby demands that a jury be empaneled for the trial of this matter.

DATED: August 2, 2021                    Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**

By:    /s/ Brian T. Dunn

BRIAN T. DUNN
EDWARD M. LYMAN

*Attorneys for Plaintiffs*